IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

MARTHA C. MILLER et al.              *

                 Plaintiffs    *

v.                                   *    Civil Action No. CCB 05 CV 3025

MANDRIN HOMES, LTD., et al.

                 Defendants    *

*     *     *     *     *     *     *

## ANSWER TO PLAINTIFFS' COMPLAINT ON BEHALF OF MANDRIN HOMES, LTD, EDWARD C. KENNEDY AND JAMES MANDRIN

Defendants, Mandrin Homes, Ltd., Edward C. Kennedy and James Mandrin ("Defendants"), by and through their undersigned counsel, hereby file this Answer to Plaintiffs' Complaint and state as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted against these Defendants.

### SECOND DEFENSE

Plaintiffs' claims are barred by the doctrine of contributory negligence.

### THIRD DEFENSE

If Plaintiffs suffered the damages alleged, which Defendants expressly deny, then all non-economic damages are limited pursuant to Md. Code Ann. Cts. & Jud. Proc., §11-108.

### FOURTH DEFENSE

Plaintiffs' claims are barred by lack of subject matter and/or personal jurisdiction.

## FIFTH DEFENSE

Plaintiffs' claims are barred by insufficiency of process.

## SIXTH DEFENSE

Plaintiffs' claims are barred as a result of improper venue.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by their failure to join the proper parties.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by accord and satisfaction and/or payment and/or release.

## NINTH DEFENSE

Plaintiffs' claims are barred by assumption of the risk.

## TENTH DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations and/or laches.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred by theories of estoppel and/or waiver.

## TWELTH DEFENSE

Plaintiffs' claims are barred by the statue of frauds.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred by their failure to mitigate the alleged damages and/or mediate the alleged disputes prior to filing suit.

## FOURTEENTH DEFENSE

In answer to the specific allegations of the Plaintiffs' Complaint ("the Complaint"), Defendants represent as follows:

1. Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit that Mandrin Homes Ltd. purchased approximately 14.6 acres of semi-improved or unimproved land in Centreville, Maryland from the Callahan family and that some of the land contains areas considered wetlands. The remaining allegations contained in Paragraph 2 of the Complaint are denied.

3. Defendants admit that in some of the land purchased by Mandrin Homes, Ltd. was subdivided and that approximately seventeen (17) lots were offered for sale.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. Defendants are without sufficient information to admit or deny the allegation contained in Paragraph 5 of the Complaint and, therefore, deny same.

6. Defendants deny the allegations contained in Paragraphs 6 through 12 of the Complaint.

7. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 13 of the Complaint and, therefore, deny same.

8. Defendants deny the allegations contained in Paragraphs 14 through 18 of the Complaint.

9. Defendants are without sufficient information to admit or deny the allegations contained in Paragraphs 18 through 22 of the Complaint.[1]

10. Defendants admit that Mandrin Homes, Ltd. is a Maryland corporation with its principle place of business at 8174 Ritchie Highway in Pasadena, Maryland. The remaining allegations contained in Paragraph 23 of the Complaint are denied.

---

[1] The Complaint contained two Paragraphs that are numbered as Paragraph 18.

11. Defendants admit that James Mandrin is an adult resident of Maryland and is a current officer of Mandrin Homes, Ltd. as alleged in Paragraph 24 of the Complaint.

12. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 25 of the Complaint and, therefore, deny same.

13. Paragraphs 26 through 29 seek conclusions of law to which no response is required. To an extent a response is required, Defendants deny the allegations contained in Paragraphs 26 through 29.

14. Defendants are without sufficient information to admit or deny the allegations contained in Paragraphs 30 through 42 of the Complaint and, therefore, deny same.

15. Defendants deny the allegations contained in Paragraphs 43 through 46 of the Complaint.

16. Paragraphs 47 and 48 of the Complaint seek conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 47 and 48.

17. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

18. Paragraph 50 of the Complaint seeks a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 50.

19. Defendants deny the allegations contained in Paragraphs 51 through 53 of the Complaint.

20. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 54 of the Complaint and, therefore, deny same.

21. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

22. Defendants are without sufficient information to admit or deny the allegations contained in Paragraphs 56 and 57 of the Complaint and, therefore, deny same.

23. Paragraphs 58 through 60 of the Complaint seek conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 58 through 60.

24. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 61 of the Complaint and, therefore, deny same.

25. Paragraphs 62 through 65 of the Complaint seek conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 62 through 65.

26. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 66 of the Complaint and, therefore, deny same.

27. Defendants deny the allegations contained in Paragraphs 67 through 71 of the Complaint.

28. Defendants are without sufficient information to admit or deny the allegations contained in Paragraphs 72 through 77 of the Complaint and, therefore, deny same.

29. Defendants deny the allegations contained in Paragraphs 78 through 84 of the Complaint.

30. Defendants are without sufficient information to admit or deny the allegations contained in Paragraphs 85 through 87 of the Complaint.

31. Defendants deny the allegations contained in Paragraphs 88 through 97 of the Complaint.

32. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 98 of the Complaint and, therefore, deny same.

33. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

34. Defendants are without sufficient information to admit or deny the allegations contained in Paragraphs 100 and 101 of the Complaint and, therefore, deny same.

35. Defendants deny the allegations contained in Paragraph 102 of the Complaint.

36. Defendants are without sufficient information to admit or deny Paragraph 103 through 122 of the Complaint and, therefore, deny same.

37. Defendants deny the allegations contained in Paragraph 123 of the Complaint.

38. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 124 through 127 of the Complaint and, thefore, deny same.

39. Defendants deny the allegations contained in Paragraph 128 of the Complaint.

40. Defendants are without sufficient information to admit or deny the allegations contained in Paragraphs 129 through 134 of the Complaint and, therefore, deny same.

41. Defendants deny the allegations contained in Paragraph 135 of the Complaint.

42. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 136 of the Complaint and, therefore, deny same.

43. Defendants deny the allegations contained in Paragraphs 137 through 147 of the Complaint and, therefore, deny same.

44. Defendants deny the allegations contained in Paragraphs 148 through 161 of the Complaint.

45. Paragraphs 162 through 174 of the Complaint seek conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 162 through 174.

46. Defendants deny the allegations contained in Paragraphs 175 through 177 of the Complaint.

47. Paragraph 178 of the Complaint seeks a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 178.

48. Defendants deny the allegations contained in Paragraphs 179 through 191 of the Complaint.

49. Paragraph 192 of the Complaint seeks a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 192.

50. Defendants deny the allegations contained in Paragraphs 193 through 199 of the Complaint.

51. Paragraphs 200 through 206 of the Complaint seek conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 200 through 206.

52. Defendants deny the allegations contained in Paragraphs 207 through 209 of the Complaint.

53. Paragraphs 210 through 211 of the Complaint seek conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 210 through 211.

54. Defendants deny the allegations contained in Paragraphs 212 through 216 of the Complaint.

55. Paragraph 217 seeks a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 217 of the Complaint.

56. Defendants deny the allegations contained in Paragraphs 218 through 220 of the Complaint.

57. Paragraphs 221 through 223 of the Complaint seek conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 221 through 223.

58. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 224 of the Complaint and, therefore, deny same.

59. Paragraph 225 of the Complaint seeks a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 225.

60. Defendants deny the allegations contained in Paragraph 226 of the Complaint.

61. Paragraph 227 of the Complaint seeks a conclusion of law to which no response is required. To an extent a response is required, Defendants deny the allegations contained in Paragraph 227.

62. Defendants deny the allegations contained in Paragraph 228 and 229 of the Complaint.

63. Defendants deny the allegations contained in Paragraphs 230 through 241 of the Complaint.

Respectfully submitted,

/s/ *Melodie M. Mabanta*
STEVEN E. LEDER # 00377
MELODIE M. MABANTA #25782
LEDER LAW GROUP, LLC
502 Washington Ave., Suite 101
Baltimore, Maryland 21204
(443) 279-7900

*Attorneys for Defendants*
*Mandrin Homes, Ltd., Edward C. Kennedy*
*and James Mandrin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of January, 2006, a copy of the foregoing Answer to Plaintiffs' Complaint on Behalf of Defendants Mandrin Homes, Ltd., Edward C. Kennedy and James Mandrin was served, via electronic filing and/or first-class mail, upon:

Mitchell J. Rotbert, Esquire
Alison P. O'Connoll, Esquire
Rotbert, O'Neil & Shanahan, LLC
111 Rockville Pike
Rockville, Maryland  20850

*Attorneys for Plaintiffs*

Barbara J. Palmer, Esquire
Blumenthal, DeLavan & Williams, P.A.
170 Jennifer Road, Suite 240
Annapolis, Maryland  21401

*Attorneys for Champion Realty, Inc.*

/s/ Melodie M. Mabanta
Melodie M. Mabanta